## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF INDIANA

## SOUTH BEND DIVISION

Robin Eileen Stevens and
Thomas Chester Stevens, individuals

     Plaintiffs,

vs.                                                            Cause No.:

Thor Motor Coach, Inc.,
a Foreign Profit Corporation, and
Ford Motor Company,
a Foreign Profit Corporation

     Defendants.

_____

**JURY TRIAL DEMANDED**
**COMPLAINT AND JURY DEMAND**

     NOW COME Plaintiffs, Robin Eileen Stevens and Thomas Chester Stevens, by and through their attorneys, Lemon Law Group Partners PLC, and submit the following as their Complaint against Defendants Thor Motor Coach, Inc. ("Defendant Thor" or "Defendant Motorhome Manufacturer") and Ford Motor Company ("Defendant Ford" or "Defendant Chassis Manufacturer").

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiffs Robin Eileen Stevens and Thomas Chester Stevens are individuals residing at 9000 US Highway 192, #592, Clermont, Florida 34714.

2. Defendant Thor Motor Coach, Inc. is a foreign profit corporation doing business throughout the State of Indiana. Thor Motor Coach, Inc. may be served through its

registered agent, CT Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.

3. Defendant Ford Motor Company is a foreign profit corporation doing business throughout the State of Indiana. Ford Motor Company may be served through its registered agent, CT Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.

4. The transactions and occurrences involved in this action took place in the State of Indiana, County of Elkhart.

## COMMON AVERMENTS

5. On or about April 15, 2022, Plaintiffs purchased a new 2022 Thor Quantum motorhome, VIN: 1FDXE4FN3NDC32971 from an Authorized Dealership (the "Subject Vehicle"). Please see Exhibit A: Purchase Agreement.

6. At the time of purchase, the Vehicle was accompanied by Defendant Thor's written warranty which provides for a one (1) year/15,000-mile limited basic warranty, six (6) year/50,000-mile lamination limited warranty, and twelve (12) year/100,000 mile structural limited warranty. The Subject Vehicle was also accompanied by Defendant Ford's written warranty which provides for a five (5) year/60,000-mile powertrain warranty. (the "Warranties"). Please see Exhibit B: Pertinent Portion of Warranties. Warranties in their entirety are in Defendants' Possession.

7. The Subject Vehicle was purchased primarily for personal, family, and/or household purposes.

8. Defendants' warranties covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

2

9.  In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted.

10. Shortly after purchase, Plaintiffs noticed defects in the Vehicle including but not limited to rear cap window vibrates in transit and is damaged, daylight can be seen at bottom of slide, water bay compartment door defects necessitating replacement, water running off gutter rails and down side of vehicle, white residue on sidewall, debris in sealant, sealant separated and no longer sealing, numerous decal defects, Eco Pro coating defects, entry door step peeling, step sinks when stepped on, battery compartment not properly sealed, dirt getting inside vehicle in transit, carpet stained, theater seating separated at bottom side panel and stitching loose, seats misaligned, entry door does not latch closed properly and rattles in transit, entry door deadbolt does not latch, driver seat armrest stiff, dinette shade does not retract, converter box not labeled, breaker/fuse panel defects, trim ring installation defects, seatbelts coming loose from ceiling panel, cabinet strut loose, cabinet has no magnetic catch latch, curved wall panel damaged at bottom necessitating replacement, refer not installed properly, kitchen cabinet drawer not level, kitchen cabinetry separating, pantry drawers not flush, water leak under kitchen sink, shower enclosure not installed, shower enclosure not secure, wall panel by entry door damaged by water leak, window screens have gaps between window frame and screen frame, linoleum discolored, toilet plumbing defects, water pump light illuminates and water pump does not engage, water puddles in shower pan, kitchen countertop not level, bed platform not level, kitchen cabinet door below sink does not meet cabinetry, shelf below sink not level, kitchen sink does not drain properly, gap between pantry wall and shelves, cabinet opens in transit, cabinet above bed hits rear wall, fresh water drain valve difficult

to reach, basket/seal hanging down from first compartment door, caulking messy over rear wheel, scratches on bottom slide flange under furnace door, steering has constant movement, rattling noise when let off accelerator, steering pulls left, driver seat hits slideout wall when try to recline, passenger seat hits dual recliner when recline, vibration felt while driving, air conditioning defects, rubber on door above driver side not placed correctly, and passenger seat covering wrinkled throughout.  Plaintiffs returned the Vehicle to an Authorized Dealership for repair.  Please see Exhibit C:  Repair Orders.

11. Subject Vehicle has been out-of-service for at least 21 (twenty-one) total days for the aforementioned repairs and is still in the Defendant's possession.  Please see Exhibit C.

12. Despite the prolonged time during which the Subject Vehicle has been out-of-service, Defendants have failed to repair the Subject Vehicle so as to bring it into conformity with the warranties set forth herein.

13. The defects experienced by Plaintiffs with the Subject Vehicle substantially impaired its use, value, and safety to the Plaintiffs, and have shaken the Plaintiffs' faith in the Vehicle to operate as dependable transportation.

14. Despite Plaintiffs' repeated efforts to allow Defendants the opportunity to conform the Subject Vehicle, many nonconforming and defective conditions were not repaired, and still exist.

15. The Vehicle still has issues including numerous interior and chassis defects.

16. Plaintiffs directly notified Defendants of the defective conditions of the Vehicle on numerous occasions and that they desired a buy-back of the Subject Vehicle, wherein Defendants failed and refused to buy back Plaintiffs' defective Vehicle and to reimburse

Plaintiffs pursuant to their rights under State and Federal Laws.  Please see Exhibit D: Written Notification, and Exhibit E:  Return Receipt.

17. This cause of action arises out of the Defendants' Breach of Warranty and violation of the Federal Magnuson-Moss Warranty Act as set forth in this Complaint.

18. Plaintiffs seek judgment against Defendants in whatever amount Plaintiffs are entitled to, including equitable relief and consequential damages, along with the costs and expenses of this action.

19. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

**COUNT I**
**BREACH OF FACTORY WARRANTY**

20. Plaintiffs fully repeat and incorporate Paragraphs 1 through 19, as set forth above.

21. Defendant Thor extended to Plaintiffs a one (1) year/15,000-mile limited basic warranty, six (6) year/50,000-mile lamination limited warranty, and twelve (12) year/100,000 mile structural limited warranty.  Defendant Ford extended to Plaintiffs a five (5) year/60,000-mile chassis warranty (the "Warranties").

22. Plaintiffs, seeking to repair the Subject Vehicle, attempted to exercise Plaintiffs' rights under the Warranties.

23. Defendants have failed to honor the terms of the Warranties.

24. Defendants have failed or refused to repair the issues which include numerous interior and chassis defects.

25. As a result of the actions set forth above, Defendants have breached its warranty.

26. As a result of Defendants' breach of warranty, Plaintiffs have, and will continue to, suffer significant monetary and consequential damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter Judgment in favor of Plaintiffs and against Defendants in an amount to be proven at trial, including all consequential damages, incidental damages, equitable remedies, costs, interest, and attorney fees.

## COUNT II
## BREACH OF MAGNUSON-MOSS WARRANTY ACT

27. Plaintiffs fully repeat and incorporate Paragraphs 1 through 26, as set forth above.

28. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

29. Plaintiffs are "consumer"s as defined by 15 USC § 2301(3).

30. Defendants are "supplier"s and "warrantor"s as defined by 15 USC § 2301(4)(5).

31. The Subject Vehicle is a "consumer product" as defined by 15 USC § 2301(6).

32. 15 USC § 2310(d)(1)(A), requires Defendants, as warrantors, to remedy any defects, malfunction or non-conformance of the Subject Vehicle within a reasonable time and without charge to Plaintiffs, as defined in 15 USC § 2304(d).

33. The actions of Defendants as hereinabove described, in failing to tender the Subject Vehicle to Plaintiffs free of defects and refusing to repair or replace the defective Vehicle tendered to Plaintiffs, constitute a breach of the written warranties covering the Subject Vehicle; and thus, constitute a violation of the Magnuson-Moss Warranty Act.

34. Despite repeated demands and despite the fact that the Plaintiffs have complied with all reasonable terms and conditions imposed upon them by Defendants, Defendants have failed and refused to cure any defects and non-conformity with the Subject Vehicle.

6

35. As a result of Defendants' breach of factory warranty as set forth above, and Defendants' failure to honor their obligations under their warranties, Plaintiffs have, and will continue to, suffer damages as enumerated above.

36. Defendants had a reasonable opportunity to remedy the defects in the Vehicle but have failed to do so, thereby entitling Plaintiffs to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

37. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment as follows:

(1)     For actual damages according to proof at trial;

(2)     For a refund of the purchase price of Subject Vehicle;

(3)     For Defendants to accept return of Subject Vehicle;

(4)     For attorney's fees and costs of suit incurred herein;

(5)     For such other and further relief as the court deems just and proper under the circumstances;

(6)     That all issues be tried before a jury.

Dated: May 1, 2023

Respectfully submitted,

LEMON LAW GROUP PARTNERS PLC

/s/ Sara Douglass

By:     _____

Sara Douglass, Esq.

7

Lemon Law Group Partners PLC
48 North Emerson Avenue, Suite 400
Greenwood, Indiana 46143
Telephone No.: (888) 415-0610
Facsimile No.: (888) 809-7010
sarab@lemonlawgrouppartners.com